

**Fox Rothschild** LLP
ATTORNEYS AT LAW
Mail: P. O. Box 5231, Princeton, NJ 08543-5231

Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Tel (609) 896-3600  Fax (609) 896-1469
www.foxrothschild.com

Office Managing Partner
Gerard P. Norton, Ph.D., Esq.

JOHN C. ATKIN
Direct No:  609.895.3327
Email: JAtkin@FoxRothschild.com

March 8, 2019

**Via ECF and First Class Mail**

The Honorable Joel Schneider, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

>       Re :   **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address
>              173.71.68.16
>              Dkt. No. 1:18-cv-02674-RBK-JS**
>
>              **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address
>              76.116.36.190
>              Dkt. No. 1:18-cv-12585-JBS-JS**
>
>              **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address
>              76.116.76.28
>              Dkt. No. 1:18-cv-12586-JHR-JS**
>
>              **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address
>              73.160.162.60
>              Dkt. No. 1:18-cv-14114-JHR-JS**

Judge Schneider:

As Your Honor is aware, I represent Plaintiff Strike 3 Holdings, LLC ("Strike 3") in the above-referenced matter(s).  Please accept this letter, with attachments, in response to the Court's letter order dated March 6, 2019 requesting "copies of Orders/Opinions where Motions to Quash filed by John Doe parties were granted."  [Dkt. No. 18-12586, ECF No. 11].  Although this directive was issued only in Dkt. No. 18-12586, I have filed this letter in all matters with Orders to Show Cause pending before Your Honor in order to maintain a clear record for each case.

The Honorable Joel Schneider, U.S.M.J.
March 8, 2019
Page 2

## I.     MOTIONS TO QUASH IN STRIKE 3 MATTERS IN NEW JERSEY

To date, no court in New Jersey has granted (or denied) a motion to quash by a John Doe party in a matter filed by Strike 3.  John Doe Defendants have filed motions to quash in six (6) of Strike 3's New Jersey cases.  As of the time of this letter, all of these motions remain pending.[1]

## II.    MOTIONS TO QUASH IN STRIKE 3 MATTERS OUTSIDE NEW JERSEY

Nationally, Strike 3 has responded to approximately forty (40) Motions to Quash.  Of those motions resolved by the courts, only one (1) has been granted, *see Strike 3 Holdings, LLC v. Doe*, No. 17-08956-AKH, ECF No. 15 (S.D.N.Y. Mar. 8, 2018) (Hellerstein, J.), attached hereto as **Exhibit A**.  The Southern District of New York's Order granted the John Doe defendant's motion to quash because the Court held Strike 3 did not sufficiently identify its works in its Complaint, stating that "[b]y failing to identify which copyrighted materials Plaintiff owns, and which materials Defendant infringed on, the Complaint fails to contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'"  *Id.*  at *2 (citation omitted).  However, while Strike 3 could easily list the titles of the motion pictures defendant downloaded and distributed, it only lists the motion pictures' registration numbers to eliminate any suggestion of improperly leveraging the nature of the content in its litigations.  The titles to the works can be easily ascertained by a search of the registration numbers on the Copyright Office website and Strike 3 provides the titles to any court or defendant immediately upon request.

To that end, other courts that have considered the Southern District of New York's Order have declined to follow it, holding instead that a complaint listing the registration number to the copyrighted works at issue is sufficient:

Defendant relies on an unreported decision from the Southern District of New York in support of her/his argument that the Complaint fails to state a claim. (*See* Dkt. 12-2 at 8-9 (citing *Strike 3 Holdings, LLC v. John Doe*, No. 1:17-cv-08956 (AKH), Dkt. 15 at 2 (S.D.N.Y. Mar. 8, 2018)).  Defendant's reliance upon this decision is misplaced.  The court there stated that the exhibit attached to the complaint did not provide the copyright registration numbers or any other identifying information for the copyrighted material, and that consequently the complaint did not "contain

---

[1] *Strike 3 Holdings, LLC v. Doe*, No. 18-16593-MAS-TJB, ECF No. 8 (D.N.J. Mar. 4, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-14120-MCA-MAH, ECF No. 9 (D.N.J. Jan. 22, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-14114-JHR-JS, ECF No. 12, (D.N.J. Jan 8, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-12609-MAS-LHG, ECF No. 12 (D.N.J. Nov. 19, 2018); *Strike 3 Holdings, LLC v. Doe*, No. 18-14138-MAS-LHG, ECF No. 8 (D.N.J. Nov. 19, 2018); *Strike 3 Holdings, LLC v. Doe*, No. 18-10619-KM-CLW, ECF No. 12 (D.N.J. Oct. 22, 2018).

The Honorable Joel Schneider, U.S.M.J.
March 8, 2019
Page 3

sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* at 2 (quotation and citation omitted).  In contrast, the Complaint in the instant case contains copyright registration numbers for each of the materials alleged to be infringed upon, and the names of the Works can be obtained free of charge on the Copyright Office's website using said registration numbers.  (Dkt. 1-1 at 1-5). Consequently, the reasoning advanced by the Southern District case is inapplicable here.

*Strike 3 Holdings, LLC v. Doe*, 337 F. Supp. 3d 246, 253–54 (W.D.N.Y. 2018); *see Strike 3 Holdings, LLC v. Doe*, No. 18-05238-EGS, ECF No. 10 (E.D. Pa. Feb. 11. 2019) (denying motion to quash); *Strike 3 Holdings, LLC v. Doe*,  No. 18-01874-GLR, ECF No. 17 (D. Md. Oct. 26, 2018) (citations omitted) ("Strike 3's Complaint complies with Rule 8's pleading standard. Doe overlooks Exhibit A to the Complaint, which lists the specific copyrighted materials that Doe allegedly infringed upon.  The list provides more than enough factual matter to plausibly state a claim upon which relief can be granted."); *see also* Transcript of Hearing on Motion to Quash Before the Honorable Edward G. Smith in *Strike 3 Holdings, LLC v. Doe*, No. 18-05238-EGS (E.D. Pa. Feb. 8. 2019) (attached hereto as **Exhibit B**, denying defendant's motion to quash and refusing to follow the reasoning of both this Order from the Southern District of New York and Judge Lamberth's opinion in *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018)).

The complaints at issue in the matters before Your Honor, and all Strike 3 cases in New Jersey, each have attached as "Exhibit A" a list of the copyright registration numbers for each of the works that are alleged to be infringed.  *See, e.g.*, [Dkt. No. 18-cv-02674, ECF No. 1-1; Dkt. No. 18-cv-12585, ECF No. 1-1; Dkt. No. 18-cv-12586, ECF No. 1-1; Dkt. No. 18-cv-14114, ECF No. 1-1].

I also note that in the Eastern District of Virginia, one court denied a motion to quash on the substantive arguments presented by the defendant, but granted that motion *in part* only with respect to granting the defendant's request for entry of a protective order to require information about the defendant to remain confidential (which Strike 3 did not oppose and which Strike 3, in fact, suggested be put in place when Strike 3 moved to be allowed to serve a subpoena on the defendant's ISP). *See Strike 3 Holdings, LLC v. Doe*, No. 18-01506-AJT-MSN, ECF No. 18 (E.D. Va. Feb. 27, 2019), attached hereto as **Exhibit C**.  That motion to quash involved arguments based on the holding in *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018), which Judge Nachmanoff did not find to be a persuasive basis to quash the subpoena.  *See id.*  This Opinion was issued after Strike 3 responded to the court's order to show cause, which was similar to the one Your Honor has issued in the above-referenced matters.

The Honorable Joel Schneider, U.S.M.J.
March 8, 2019
Page 4

### III.   MOTIONS TO QUASH IN MATTERS FILED BY OTHER COPYRIGHT INFRINGEMENT PLAINTIFFS

I have also conducted a review of case law (inside and outside of New Jersey), in substantially similar copyright infringement matters, initiated by plaintiffs other than Strike 3, in order to fully advise the Court as to whether there are any cases in which a motion to quash filed by a John Doe party was granted.

Given the Court's limited directive, I do not attach the numerous orders and decisions I reviewed that have denied such motions.  However, I note that in preparing this letter, my research indicates that Your Honor has denied a motion to quash by a John Doe defendant in a substantially similar copyright infringement matter.  *See Plastic the Movie Ltd. v. John Doe Subscriber Assigned IP Address 24.0.105.163*, No. 15-2446, 2015 WL 4715528 (D.N.J. Aug. 7, 2015) (Schneider, J.). A copy of this decision is attached as **Exhibit D**.  The only apparent difference between Strike 3's matters and *Plastic the Movie* is a slight difference in the content of the works at issue,[2] which, as argued in Strike 3's response to the Order to Show Cause, is not a valid basis for disparate treatment under the First Amendment to the United States Constitution.  *See, e.g.*, [Dkt. No. 18-12586, ECF No. 7 at p. 13-22].

### A.   Matters Filed by Other Copyright Infringement Plaintiffs In New Jersey.

I am aware of nine (9) decisions by courts in New Jersey in which a motion to quash filed by a John Doe party has been granted (in part) in matters filed by a copyright infringement plaintiffs other than Strike 3.[3]  Copies of these decisions are attached as **Exhibit E**.

---

[2] Strike 3 produces award-winning adult films, whereas Plastic the Movie is a film rated "R" by the Motion Picture Association of America due to  "strong violence, sexual content/nudity, language throughout and some drug use."
*See* https://www.imdb.com/title/tt2556874/parentalguide?ref_=tt_stry_pg#certification.

[3] *Malibu Media, LLC v. John Does 1-18*, No. 12-07789, 2014 WL 229295 (D.N.J. Jan. 21, 2014) (Arleo, J.); *Malibu Media, LLC v. Surgent*, No. 12-3905, 2013 WL 1704289, (D.N.J. Apr. 19, 2013) (Chesler, J.); *Malibu Media, LLC v. John Does 1-22*, No. 12-5091, 2013 WL 1704291 (D.N.J. Apr. 19, 2013) (Chesler, J.); *Malibu Media, LLC v. John Does 1-19*, No. 12-06945, ECF No. 23 (D.N.J. Mar 28, 2013) (Arpert, J.); *Modern Woman, LLC v. Does 1-X*, Dkt. No. 12-4860, ECF No. 6 (D.N.J. Feb. 27, 2013) (Dickson, J.); *Modern Woman, LLC v. Does 1-X*, Dkt. No. 12-4858, ECF No. 6 (D.N.J. Feb. 27, 2013) (Dickson, J.); *Malibu Media, LLC v. John Does 1-11*, Dkt. No. 12-cv-07615, ECF No. 8 (D.N.J. Feb. 26, 2013) (Dickson, J.); *Modern Woman, LLC v. Does 1-X*, Dkt. No. 12-4859, ECF No. 6 (D.N.J. Feb. 26, 2013) (Dickson, J.); *Patrick Collins, Inc. v. Does 1-43*, No. 12-3908, 2013 WL 12170608 (D.N.J. Feb. 15, 2013) (Hayden, J.).

The Honorable Joel Schneider, U.S.M.J.
March 8, 2019
Page 5

In these matters, the court determined that it was inappropriate for the plaintiff to join multiple defendants in the same action, and ordered that the plaintiff's claims against all defendants *except* the first defendant be severed and dismissed without prejudice (subject to refiling in separate matters), and ordered that all of the subpoenas issued as to those severed/dismissed defendants be quashed, without prejudice.

Strike 3 respectfully submits that these cases are distinguishable from the case(s) before Your Honor because Strike 3 scrupulously adheres to this District's policy that it is improper for copyright plaintiffs to join multiple defendants in a single matter – even in the face of criticisms that Strike 3 is "flooding the courts" with copyright litigations because it files individual suits against individual defendants.  Indeed, even Judge Lamberth based his decision, in part, on his observation that Strike 3's "success" stems from the "law of large numbers" and criticized the number of filings Strike has made on PACER, without any appreciation for the fact that Strike 3 is *required* to file individual cases, and cannot merely join all defendants in one matter in each district.  *See Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d at 161-62.

### B.   Matters Filed by Other Copyright Infringement Plaintiffs Outside of New Jersey.

With respect to copyright infringement matters filed by parties other than Strike 3 outside of New Jersey, I am aware of sixty (60) decisions in which a motion to quash filed by a John Doe defendant was (technically) granted, albeit on grounds that have no relevance here.  For ease of reference and to avoid repetition, I have divided these matters up with respect to the basis for each decision (along with an explanation as to why these matters are distinguishable).

### i.   Motions to Quash Granted In Part due to Severance/Improper Joinder.

As in New Jersey, several decisions exist in other jurisdictions where a John Doe's motion to quash was granted in part as a consequence of the Court's decision to sever claims as to all but one defendant, and allow the plaintiff to refile those claims (and seek subsequent subpoenas) individually against the severed defendants.  However, as in the New Jersey decisions cited above, the court *allowed* the subpoena as to the remaining defendant to stand.  I am aware of thirty-five (35) such decisions,[4] copies of which are attached hereto as **Exhibit F**.  As noted above, I

---

[4] *LHF Prods., Inc. v. Does*, No. 16-284, 2016 WL 7423094 (E.D. Va. Dec. 22, 2016); *LHF Prods., Inc. v. Does*, No. 16-283, 2016 WL 7422661 (E.D. Va. Dec. 22, 2016); *LHF Prods., Inc. v. Does*, No. 16-282, 2016 WL 7422659 (E.D. Va. Dec. 22, 2016); *LHF Prods., Inc. v. Does*, No. 16-274, 2016 WL 7422658 (E.D. Va. Dec. 22, 2016); *Digital Sins, Inc. v. John Does 1-245*, No. 11-8170, 2012 WL 1744838 (S.D.N.Y. May 15, 2012); *reFX Audio Software Inc. v. Does 1-85*, No. 13-01790, 2014 WL 1293816 (N.D. Ill. Mar. 24, 2014); *TCYK, LLC v. Does 1-98*, No. 13-251, 2013 WL 6834637 (E.D. Tenn. Dec. 23, 2013); *Malibu Media, LLC v. John Does 1-68*, No.

The Honorable Joel Schneider, U.S.M.J.
March 8, 2019
Page 6

respectfully submit all of these decisions are distinguishable and irrelevant here because Strike 3 files individual claims against individual defendants in all matters.

---

12-6675, 2013 WL 5423872 (N.D. Ill. Sept. 27, 2013); *Dragon Quest Prods., LLC v. Does 1-100*, No. 3:12-CV-597, 2013 WL 4811735 (E.D. Tenn. Sept. 9, 2013); *Bicycle Peddler, LLC v. Does 1-81*, No. 13-79, 2013 WL 3975593 (E.D. Tenn. July 31, 2013); *X-Pays, Inc. v. Does 1-34*, No. 12-928, 2013 WL 3467068 (S.D. Ill. June 17, 2013), *report and recommendation adopted as modified*, No. 12-928, 2013 WL 3467071 (S.D. Ill. July 9, 2013); *Patrick Collins, Inc. v. John Does 1 through 34*, No. 12-1475, 2013 WL 1660673 (S.D. Cal. Apr. 16, 2013); *Patrick Collins, Inc. v. Does 1-30*, No. 12-3148, 2013 WL 1157840 (E.D. Pa. Mar. 21, 2013); *Third Degree Films, Inc. v. John Does 1-72*, No. 12-14106, 2013 WL 1164024 (E.D. Mich. Mar. 18, 2013), *report and recommendation adopted*, No. 12-14106, 2013 WL 4416159 (E.D. Mich. Aug. 15, 2013); *Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153 (D. Mass. 2013); *Malibu Media, LLC v. Does*, No. 12-14105, 2013 WL 12182959 (E.D. Mich. Apr. 10, 2013); *Malibu Media, LLC. v. John Does 1-15*, No. 12-13667, 2013 WL 136239 (E.D. Mich. Jan. 10, 2013); *Patrick Collins, Inc. v. Does*, No. 12-977, 2012 WL 12893290 (C.D. Cal. Dec. 14, 2012); *Malibu Media, LLC v. John*, No. 12-1054, 2012 WL 12883203 (S.D. Cal. Nov. 27, 2012); *Aerosoft GmbH v. John Does 1-50*, No. 12-21489, 2012 WL 5272270 (S.D. Fla. Oct. 23, 2012); *Third Degree Films v. Does 1-47*, 286 F.R.D. 188 (D. Mass. 2012); *Media Prod., Inc. v. John Does 1-26*, No. 12-2962, 2012 WL 3866492 (S.D.N.Y. Sept. 4, 2012); *AF Holdings, LLC v. Doe's 1-31*, No. 12-20922, 2012 WL 12874930 (S.D. Fla. Aug. 7, 2012); *Sunlust Pictures, LLC v. Does 1–120*, No. 12-20920, 2012 WL 12844703 (S.D. Fla. July 24, 2012); *Bubble Gum Prods., LLC v. Does 1-80*, No. 12-20367, 2012 WL 2953309 (S.D. Fla. July 19, 2012); *Pictures v. Does 1-265*, No. 12-301 JAM CKD, 2012 WL 12884425 (E.D. Cal. June 14, 2012), *report and recommendation adopted sub nom.*, Smash Pictures v. Does 1-265, No. 12-302, 2012 WL 13048512 (E.D. Cal. July 10, 2012); *SBO Pictures, Inc. v. Does 1-20*, No. 12-3925, 2012 WL 2034631 (S.D.N.Y. June 5, 2012); *Nu Image, Inc. v. Does 1-4,165*, No. 11-2736, 2012 WL 1514820 (D. Md. Apr. 30, 2012); *Third Degree Films, Inc. v. Does 1-108*, No. 11-3007, 2012 WL 1514807 (D. Md. Apr. 27, 2012); *K-Beech, Inc. v. John Does 1-41*, No. 11-46, 2012 WL 773683 (S.D. Tex. Mar. 8, 2012); *K-Beech, Inc. v. John Does 1-36*, No. 11-5058, 2011 WL 10730965 (E.D. Pa. Oct. 21, 2011); *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011); *Boy Racer, Inc. v. Does 1-60*, No. 11-01738, 2011 WL 3652521 (N.D. Cal. Aug. 19, 2011); *Millenium TGA Inc. v. Does 1-800*, No. 10-5603, 2011 WL 10468128 (N.D. Ill. Mar. 31, 2011) (in this matter, in addition to *sua sponte* quashing subpoenas based on severance of all defendants but the first named, the Court also granted a motion to quash as to one defendant based on lack of personal jurisdiction); *Lightspeed v. Does 1-1000*, No. 10- 5604, 2011 WL 8179131 (N.D. Ill. Mar. 31, 2011).

The Honorable Joel Schneider, U.S.M.J.
March 8, 2019
Page 7

ii.     **Motions to Quash Granted Where Subpoena was Accompanied with Improper Notice.**

A five (5) case subset of the above cases exists in the United States District Court of Massachusetts, all of which were authored by Magistrate Judge Boals, in which the court granted severance of all but one defendant based on improper joinder, but also ordered that *all* subpoenas also be quashed, including the subpoena pending against the one remaining defendant, because the subpoenas were sent with a notice that improperly claimed, among other things, that the John Doe party "had been sued."[5]  Copies of these decisions are attached hereto as **Exhibit G**.

I respectfully submit these decisions are distinguishable from the case(s) before Your Honor because Strike 3 provides no such notice with its subpoenas to ISPs.  Instead, Strike 3 relies exclusively on the Court's own subpoena form A0 88B (Rev. 2.14), which is provided on the Court's website.  *See* https://www.njd.uscourts.gov/sites/njd/files/forms/AO_088_0.pdf.  A copy of the subpoenas Strike 3 has issued in matters Dkt. Nos. 18-02674 and 18-14114 (the two matters the Court previously permitted Strike 3 to issue subpoenas in), along with the cover letters sent to the ISPs, are attached hereto as **Exhibit H**.

iii.    **Motions to Quash Granted In Part as to Telephone Number.**

I am aware of two (2) decisions in which a court granted a John Doe's motion to quash in part (or denied a motion to modify a subpoena) to the extent the subpoena sought the defendant's telephone number, but allowed the subpoena to stand insofar as it sought the defendant's name and address.[6]  Copies of these decisions are attached hereto as **Exhibit I**.

---

[5] *Combat Zone, Inc. v. Does 1-84*, No. 12-30085, 2013 WL 1092132 (D. Mass. Feb. 20, 2013), *report and recommendation adopted*, No. 12-30085, 2013 WL 1092458 (D. Mass. Mar. 14, 2013); *Media Prod., Inc. v. Does 1-120*, No. 12-30100, 2013 WL 1092195 (D. Mass. Feb. 15, 2013), *report and recommendation adopted*, No. 12-30100, 2013 WL 1092472 (D. Mass. Mar. 14, 2013); *W. Coast Prods., Inc. v. Does 1-23*, No. 12-30087, 2013 WL 1092163 (D. Mass. Feb. 15, 2013), *report and recommendation adopted*, No. 12 -30087, 2013 WL 1092469 (D. Mass. Mar. 14, 2013); *Media Prod., Inc. v. Does 1-49*, No. 12-30084, 2013 WL 1092128 (D. Mass. Feb. 15, 2013), *report and recommendation adopted*, No. 12-30084, 2013 WL 1092455 (D. Mass. Mar. 14, 2013); *Media Prod., Inc. v. Does 1-64*, No. 12-30083, 2013 WL 1092123 (D. Mass. Feb. 7, 2013), *report and recommendation adopted*, No. 12-30083, 2013 WL 1091715 (D. Mass. Mar. 14, 2013).

[6] *TCYK, LLC v. Doe*, No. 13-6770, 2014 WL 273806 (N.D. Ill. Jan. 24, 2014); *Patrick Collins, Inc. v. Does 1-33*, No. 12-13309, 2013 WL 12182153 (E.D. Mich. Feb. 27, 2013).

The Honorable Joel Schneider, U.S.M.J.
March 8, 2019
Page 8

I respectfully submit these decisions are distinguishable from the case(s) before Your Honor because Strike 3's motions request permission to serve a subpoena to the ISP requesting only the defendants' name and address, and not their telephone number (or any other information).

### iv.    Motions to Quash Granted In Part to the Extent Subpoena Sought Identities of Joint Tortfeasors or Co-conspirators.

I am aware of two (2) decisions in which a John Doe's motion to quash was granted, in part, to the extent that it sought information identifying "joint tortfeasors" or "co-conspirators," but in which each court allowed the subpoenas to stand insofar as they requested the defendant's name and address.[7]  Copies of these decisions are attached hereto as **Exhibit J**.

I respectfully submit these decisions are distinguishable from the case(s) before Your Honor because Strike 3 does not seek the name and address of anyone but the subscriber assigned the IP address in each matter.

### v.    Motion to Quash Granted where Subpoena is Moot.

In *Dallas Buyers Club, LLC. v. Ripple*, No. 14-3393, 2015 WL 1346217 (S.D. Tex. Mar. 23, 2015), a plaintiff filed suit against nineteen John Doe defendants for allegedly infringing upon the movie *The Dallas Buyers Club*.  A copy of this decision is attached as **Exhibit K**.  Doe #1 filed a motion to quash, along with an affidavit averring that her roommate and her boyfriend, Jason Ripple, were the true infringers, after which the plaintiff filed an amended complaint naming Jason Ripple as a defendant in place of Doe #1.  *Id.* at *1.  The court granted Doe #1's motion to quash "[b]ecause the Doe # 1 movant is no longer named as a defendant in the amended complaint, and because the plaintiff knows who the "Doe # 1" is[.]"  *Id.*  In contrast, the court denied a motion to quash filed by Doe #2, rejecting arguments of unreasonable time to comply and undue burden.  *Id.* at *2.

I respectfully submit this decision, with respect to the motion to quash granted as to Doe #1, is distinguishable from the case(s) before Your Honor.  Unless and until the defendants in these matters provide Strike 3 with information sufficiently demonstrating they are not the true infringer, and Strike 3 amends its complaint accordingly, there is no basis to quash the subpoenas.  Instead, the defendants in these matters are more akin to Doe #2, whose motion to quash was denied for failing to meet her burden under Fed. R. of Civ. P. 45.

---

[7] *Sunlust Pictures, LLC v. Cisa*, No. 12-00656, 2012 WL 5187837 (D. Colo. Oct. 19, 2012); *Pac. Century Int'l, Ltd. v. Doe*, No. 2:11-3479, 2012 WL 2522146.(E.D. Cal. June 28, 2012).

The Honorable Joel Schneider, U.S.M.J.
March 8, 2019
Page 9

        **vi.**     **Motions to Quash Granted Based on Lack of Personal Jurisdiction.**

       I am aware of eight (8) cases in which a John Doe's motion to quash was granted because the plaintiff did not attempt to prove that the defendants resided within the jurisdiction of the court (or otherwise failed to satisfy the requirements of specific jurisdiction), or where the plaintiff failed to provide evidence of the accuracy of its geolocation technology locating the defendant in the juridical district.[8]  Copies of these decisions are attached hereto as **Exhibit L**.

       I respectfully submit these decisions are distinguishable from the case(s) before Your Honor because Strike 3 has submitted multiple declarations attesting to the accuracy of its evidence from Maxmind that the John Doe parties assigned the IP addresses at issue before the Court have been accurately and reliably traced to locations within New Jersey.  *See, e.g.*, [Dkt. No. 18-cv-02674, ECF Nos. 4-3, 4-4, 4-5, 9-1; Dkt. No. 18-cv-12585, ECF Nos. 4-3, 4-4, 4-5, 7-1; Dkt. No. 18-cv-12586, ECF Nos. 4-3, 4-4, 4-5, 7-1; Dkt. No. 18-cv-14114, ECF Nos. 4-3, 4-4, 4-5, 8-1].

        **vii.**    **Motions to Quash Granted Based on Abusive Litigation Tactics.**

       I am aware of seven (7) decisions in which a John Doe's motion to quash was granted based on a plaintiff's abusive litigation tactics.[9]  Copies of these decisions are attached hereto as

---

[8] *Malibu Media, LLC v. Doe*, No. 16-01006, 2016 WL 3383830, at *4 (N.D. Cal. June 20, 2016); *Nu Image, Inc. v. Does 1-2,515*, No. 12-CV-109-FTM-29, 2012 WL 3042941 (M.D. Fla. June 29, 2012), *report and recommendation adopted*, No. 2:12-CV-109-FTM-29, 2012 WL 3043098 (M.D. Fla. July 25, 2012); *Nu Image, Inc. v. Does 1-2,515*, No. 2:12-CV-109-FTM-29, 2012 WL 3042933 (M.D. Fla. July 16, 2012), *report and recommendation adopted*, No. 2:12-CV-109-FTM-29, 2012 WL 3043098 (M.D. Fla. July 25, 2012); *Nu Image, Inc. v. Does 1-2,515*, No. 2:12-CV-109-FTM-29, 2012 WL 3042938 (M.D. Fla. July 5, 2012), *report and recommendation adopted*, No. 2:12-CV-109-FTM-29, 2012 WL 3043098 (M.D. Fla. July 25, 2012); *Celestial, Inc. v. Does 1-252*, No. 12-CV-82-FTM-99DNF, 2012 WL 4953121 (M.D. Fla. June 29, 2012), *report and recommendation adopted in part, overruled in part sub nom.*, 2012 WL 5057555 (M.D. Fla. Oct. 17, 2012); *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-CV-545-FTM-29, 2012 WL 1890632 (M.D. Fla. May 23, 2012); *Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-2766 MEJ, 2011 WL 7460101 (N.D. Cal. Dec. 7, 2011); *New Sensations, Inc. v. Does 1-1,474*, No. C 11-2770 MEJ, 2011 WL 7460100 (N.D. Cal. Dec. 7, 2011).

[9] *R&D Film 1, LLC v. Does 1 - 45*, No. 13-0051, 2013 WL 12129714 (and [ECF No. 15]) (W.D. Wash. May 8, 2013); *Ingenuity 13 LLC v. John Doe*, Dkt. No. 12-8333, ECF No. 28 (C.D. Cal. Dec. 20, 2012); *West Coast Prods., Inc. v. Swarm Sharing Hash Files*, No. 12 -1713, 2012 WL 3560809 (W.D. La. Aug. 17, 2012); *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80 (E.D.N.Y.), *report and recommendation adopted sub nom. Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233 (E.D.N.Y. 2012);; *In Raw Films, Ltd. v. Does 1-32*, No. 11-532, 2011 WL 6182025 (E.D. Va. Oct. 5, 2011); *Patrick Collins, Inc. v. Does 1-58*, No. 11-531, 2011

The Honorable Joel Schneider, U.S.M.J.
March 8, 2019
Page 10


**Exhibit M**.  In these matters, the plaintiffs either delayed moving cases along in the hope that the pendency of the case would result in a settlement, contacted subpoenaed parties directly in order to obtain settlements, harassed defendants for settlements even after the defendants turned over evidence that they were not the infringer, or dismissed their claims at the first sign of motion practice from the defendants, evidencing an intent not to litigate but merely to use copyright laws to extort settlements.

There is absolutely no evidence of any such abusive tactics by Strike 3's counsel here, and there never will be.  Strike 3 never seeks to shame defendants into settlements, and has never refused to consent to motions to seal, protective orders, and confidentiality agreements to defend against Strike 3's claims or exchange information if the defendant believes they can demonstrate they are not the infringer.  Nor does Strike 3 pursue litigation after being provided with evidence of non-infringement.

Indeed, not only has Strike 3 encouraged the Court to enter protective orders in all of these matters to eliminate any concerns of potential coercion or embarrassment, it also immediately alerted Defendant's counsel that he had inadvertently revealed his client's name and address on the public docket in Dkt. No. 18-cv-14114 – a situation which Defendant's counsel has *still* not taken any steps to remedy.   To that end, Strike 3 respectfully submits the Court should order that [Dkt. No. 18-cv-14114, ECF No. 11-1] be removed from the public docket until it renders a decision on the motion to quash and order to show cause, pursuant to Local Civil Rule 5.2(18).

Other courts have recognized that Strike 3 has nothing in common these bad actors.  *See, e.g.,  Strike 3 Holdings, LLC v. Doe*, No. 18-02019-YGR, ECF 29 at 5-6 (N.D. Cal. Sep. 14, 2018) (denying motion to quash). A copy of this decision is attached hereto as **Exhibit N**.  Strike 3 is a legitimate producer of content, creates its own content, and does not have a litigation business model.  Strike 3 does not seed the Internet with content to entice infringement in honeypots.  Strike 3 *never* makes any contact with defendants (unless initiated by them or their counsel).  Strike 3 does not threaten to "out" defendants for their content choices and *always* agrees to protective orders maintaining anonymity if requested.

Finally, these matters are clearly distinguishable to the extent the plaintiffs in them were accused of "not intending to litigate." This filing is Strike 3's third round of briefing to the Court on the issue of expedited discovery. Strike 3 is preparing for a hearing before Your Honor at the end of this month, in which it will present witnesses to testify as to Strike 3's claims and to respond to any questions the Court may have concerning Strike 3's application.  Strike 3 will be arguing against a similar motion to quash, and responding to a similar order to show cause, before Judge Waldor next week (and will of course apprise this Court of its outcome – positive or negative). Strike 3 clearly intends to – and is – litigating these matters.

---

WL 13234673 (E.D. Va. Oct. 13, 2011); *K-Beech, Inc. v. John Does 1-85*, No. 11-469, 2011 WL 10646535 (E.D. Va. Oct. 13, 2011).

The Honorable Joel Schneider, U.S.M.J.
March 8, 2019
Page 11


       In conclusion, I respectfully submit that, for all the foregoing reasons, the decisions cited above and enclosed herewith are not relevant and/or are plainly distinguishable from the issues in the instant litigation(s).  I hope that after reviewing the attached material, the Court agrees that these cases lack relevance to the present actions.

       Thank you for your attention to this matter.

              Respectfully submitted,

              */s/ John C. Atkin*

              John C. Atkin

Encl.
cc:     Paul H. Scull, Jr., Esq. (via ECF)
        Lincoln Bandlow, Esq. (via Email)